1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             CENTRAL DISTRICT OF CALIFORNIA

10

11    TOMMY COLE,                              Case No. CV 21-0093-GW (RAO)

12                         Petitioner,
                                              ORDER DENYING APPLICATION
13          v.                                AND DISMISSING ACTION
                                              WITHOUT PREJUDICE
14    UNKNOWN,

15                         Respondent.

16

17          On January 6, 2021, the Court received a letter from Petitioner Tommy Cole

18    ("Petitioner"), who is currently incarcerated in Folsom State Prison, California,

19    seeking a 30-day extension of time ("Application").  Dkt. No. 1.  Because Petitioner

20    did not and does not appear to have a pending action in the Central District of

21    California, the Court ordered Petitioner to submit a response no later than February

22    12, 2021, stating the case for which he was seeking an extension of time.  Dkt. No.

23    3.  Petitioner has not filed a response nor requested additional time to do so.  For the

24    following reasons, the action is dismissed without prejudice.

25          Absent any further explanation from Petitioner, the Court construes his

26    application as an attempt to both commence and request an extension of time to file

27    a habeas corpus action.  His application, in effect, seeks an advisory opinion

28    regarding whether his federal habeas petition will be time-barred if: (a) the petition

1   is filed at some unspecified date in the future, which may or may not be within the

2   statute of limitations; and (b) Respondent raises the statute of limitations as an

3   affirmative defense.  As such, it seeks relief which the Court cannot grant without

4   violating the "case or controversy" requirement of Article III, Section 2, of the United

5   States Constitution.  *See*, *e.g.*, *In re Ortiz*, 2010 WL 1170484, at *1 (C.D. Cal. Mar.

6   25, 2010); *see also United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (holding

7   federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until

8   the petition actually is filed).

9        If Petitioner files a federal habeas petition after the statute of limitations has

10  expired and if Respondent raises the statute of limitations as an affirmative defense,

11  it will be incumbent on Petitioner to demonstrate that the Petition is not subject to

12  dismissal on statute of limitations grounds.  These issues, however, cannot be

13  resolved at this time in the context of this motion.  For these reasons, the Application

14  is denied and the action is dismissed without prejudice.

15       In the alternative, if Petitioner had other intentions in filing his application for

16  an extension of time, his action is dismissed without prejudice for failure to

17  prosecute.

18       It is well established that a district court has the authority to dismiss an action

19  for failure to prosecute and/or for failure to comply with court orders.  Fed. R. Civ.

20  P 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (explaining

21  district court has authority to dismiss case for lack of prosecution in order to prevent

22  undue delays in disposition of pending cases and to avoid congestion in court's

23  calendar); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (finding district

24  courts have authority to dismiss for failure to comply with court order).

25       The Court considers five factors when evaluating whether dismissal is

26  appropriate: (1) the public interest in expeditious resolution of litigation; (2) the

27  Court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the

28

2

1  public policy favoring disposition of cases on their merits; and (5) the availability of

2  less drastic sanctions.  *Ferdik*, 963 F.2d at 1260-61.

3        In this case, both the public's interest in the expeditious resolution of cases and

4  the Court's need to manage its docket weigh in favor of dismissal.  It appears that

5  Petitioner is not interested in pursuing this action as evidenced by the fact that he has

6  not responded to the Court's initial order.

7        As to the third factor, prejudice to Respondent, this factor is neutral as

8  Petitioner has not filed any petition and no respondent is identified in the Application

9  to the Court.  The fourth factor–the general policy favoring resolution of cases on the

10  merits–weighs in favor of dismissal as Petitioner has not presented any substantive

11  claims and, thus, there are no merits to adjudicate.

12        Finally, the fifth factor–the availability of less drastic alternatives–also weighs

13  in favor of dismissal.  Petitioner's refusal at this initial stage of the proceedings to

14  comply with the Court's order does not bode well for any further attempt to effect

15  compliance.

16        Considering all five factors and finding that four of the five weigh in favor of

17  dismissal, the Court concludes that dismissal for failure to prosecute is warranted.

18  *See Ferdik*, 963 F.2d at 1263 (concluding dismissal appropriate where supported by

19  three factors).  The case is hereby dismissed without prejudice.

20        IT IS SO ORDERED.

21  DATED: March 10, 2021

22  _____

     GEORGE H. WU

23       UNITED STATES DISTRICT JUDGE

24  Presented by:

25

26  _____

27  ROZELLA A. OLIVER

     UNITED STATES MAGISTRATE JUDGE

28

3